UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Juan M. Martinez, Jr.,                                    Case No. 14-cv-94

                    Petitioner

         v.                                              MEMORANDUM OPINION

Jason Bunting,

                    Respondent

## I.    INTRODUCTION

Before me are: (1) Magistrate Judge Nancy A. Vecchiarelli's Report and Recommendation (Doc. No. 45); (2) Petitioner Juan M. Martinez, Jr.'s *pro se* objections to the R & R (Doc. No. 64); (3) Petitioner's motion for an evidentiary hearing (Doc. No. 63); and (4) Petitioner's motion for appointment of counsel.  (Doc. No. 69).

## II.    BACKGROUND

In May 2003, after a search of Petitioner Juan M. Martinez, Jr.'s car and home, Martinez was charged with one count of possession of cocaine and two counts of possession of marijuana.  (Doc. No. 10-1 at 5-7).  A jury in the Seneca County Court of Common Pleas found him guilty of all three counts.  *Id.* at 9-11.  Judge Michael P. Kelbey sentenced Martinez to seven years mandatory prison time for possession of cocaine, two years for one count of possession of marijuana, and eight years mandatory prison time for the final count of possession of marijuana.  *Id.* at 12-17.  The sentences for marijuana were to be served concurrently but consecutive to the sentence for possession of cocaine for a total sentence of 15 years.  *Id.* at 15.

On appeal, with the assistance of counsel Deborah Kovac Rump, Martinez asserted the following assignments of error:

I.  The trial court erred in not finding the search warrant to be constitutionally defective because the reliability of the informant and the probable cause to search were not established within the four corners of the affidavit. It also erred in not granting suppression of the warrantless searches of Martinez's cell phone and car, and in [not] suppressing statements he made after his arrest.

II.  Defendant's sentence is violative of the Sixth Amendment because the sentencing judge improperly made findings of fact. Alternatively, the sentence is not supported by clear and convincing evidence in the record and is otherwise contrary to law.

III.  The prosecutor engaged in misconduct during closing arguments by advocating constructive possession as a theory by which Martinez could be found guilty.

*Id.* at 35.  On April 24, 2006, the Ohio Court of Appeals overruled the first and third assignments of error, but sustained the second and remanded the case to the trial court for resentencing.  *Id.* at 139-56.  Martinez did not appeal to the Supreme Court of Ohio.

Over five years passed before Martinez was resentenced on May 24, 2011, with the assistance of Rump as counsel.  *Id.* at 157-60.  Judge Kelbey, again, sentenced Martinez to a mandatory 15 years.  *Id.*  During the resentencing, Rump orally moved to dismiss all counts of conviction based on lack of jurisdiction do to the five-year delay, but the motion was denied.  After resentencing, Rump filed a formal motion to dismiss on the same jurisdictional issue.  *Id.* at 161-68.  Judge Kelbey voluntarily recused himself due to a "potential for conflict…in presiding over [the] case," and Judge Richard Mendell Markus was appointed by the Supreme Court of Ohio to conclude the proceedings.  *Id.* at 197-98.  During the hearing on the motion to dismiss, Rump orally moved for a second resentencing by Judge Markus because of Judge Kelbey's recusal; Judge Markus denied the motion.  *Id.* at 203.  Judge Markus ultimately denied the motion to dismiss "without determining whether the delay was constitutionally unreasonable in these circumstances," stating "that the delay caused no meaningful prejudice."  *Id.* at 204.

Martinez, with the assistance of Rump as counsel, appealed both Judge Kelbey's sentence and Judge Markus's denial of the motion to dismiss, which were consolidated into one appeal before

the Ohio Court of Appeals. *Id.* at 237. In this appeal, Martinez raised the following assignments of error:

> I. The trial court abused its discretion and imposed a cruel and unusual punishment by sentencing Martinez to 15 years in prison for 3 counts of possession. Martinez had no prior arrests or convictions, had a history of employment, was not violent, did not use a firearm, and had no addiction or mental health issues.

> II. In 2006, this Court reversed Martinez's sentence as unconstitutional. It did not review his sentence on the merits in light of this. Despite this mandate, Martinez was not resentenced until more than 5 years later after he wrote to the trial court inquiring as to why he had not been resentenced. Martinez's rights pursuant to the Sixth Amendment of the U.S. Constitution and [Ohio] Crim. R. 32(A)(1) were violated, and the lower court abused its discretion when it denied his motion to dismiss and would not vacate the remainder of his sentence.

> III. The trial court (through a visiting judge) abused its discretion when, after the resentencing judge abruptly recused himself for an unspecified conflict of interest, [the visiting judge] would not review the resentencing. This also violated Martinez's right to due process of law as guaranteed by the 14th Amendment of the U.S. Constitution. At a minimum, the trial court should have made findings of fact as to the basis for the recusal and whether the conflict of interest impacted the May 24, 2011 resentencing.

*Id.* at 241. On August 20, 2012, the Ohio Court of Appeals affirmed the sentence and denial of the motion to dismiss, addressing Martinez's constitutional question with respect to speedy trial in resentencing. *Id.* at 378- 93. Martinez appealed the decision to the Supreme Court of Ohio, who declined jurisdiction on January 23, 2013. *Id.* at 394, 441.

On November 21, 2012, while the appeal to the Supreme Court of Ohio was pending, Martinez filed a *pro se* Rule 26(B) Application to reopen appeal, asserting ineffective assistance of counsel of appellate counsel Deborah Kovac Rump. *Id.* at 442. He supported his application with the following allegations:

> I. Appellant's counsel . . . failed to raise the meritorious assignment of error that he was erroneously convicted of "Allied Offenses" pursuant to [Ohio Rev. Code §] 2941.25, because both counts two and three charge possession of two separate amounts of marijuana.

> II. Appellant's counsel . . . could not argue her own ineffectiveness and conflict of interest in prior proceedings for failing to raise this meritorious "Allied Offenses" claim.

III.  Appellant's counsel . . . could not argue her own ineffectiveness and conflict of interest in prior proceedings regarding five years of delay between appellate remand and resentencing.

*Id.* at 443.  The Ohio Court of Appeals denied the motion, citing to *State v. Wogenstahl*, 75 Ohio St.3d

273 (1996), and stating "an appellate court is divested of jurisdiction to rule on a party's application

to reopen when an appeal has been filed in the Ohio Supreme Court." *Id.* at 480-81.  On appeal, the

Supreme Court of Ohio declined jurisdiction.  *Id.* at 503.

Martinez filed this § 2254 habeas petition on January 15, 2014.  (Doc. No. 1).  In the

petition, he raised the following six grounds for relief:

I.  Martinez was denied due process of law under the Fourteenth Amendment because the state court of appeals was wrong, unreasonable and at fault for denying Martinez access to the post-conviction process of fact development, factual findings and a ruling on the merits of his properly raised claim of ineffective assistance of appellate counsel pursuant to Ohio's App. R. 26(B), entitling Martinez to nondeferential *de novo* federal habeas fact development, fact finding and ruling on the merits, or alternatively, the writ must be granted directing the State to conduct such due process proceedings or discharge Martinez.

II.  Martinez was denied effective assistance of counsel on appeal in violation of his Sixth and Fourteenth Amendment constitutional rights. . . Martinez was deprived of effective assistance of counsel on appeal because:
    (A)  Appellate Counsel failed to raise the meritorious claim that Martinez's convictions and sentences cannot be entered for both counts two and three, which charge possession of two separate amounts of marijuana, pursuant to Ohio's Allied Offenses statute ([Ohio Revised Code] 2941.25) and the Double Jeopardy protections of the Fifth Amendment;
    (B)  Appellate Counsel could not argue her own ineffectiveness and conflicts of interest for failing to raise the allied offenses and Double Jeopardy claims in prior proceedings; and
    (C)  Appellate Counsel could not argue her own ineffectiveness and conflicts of interest regarding five years of delay between the *Martinez I* appellate remand and resentencing.

III.  Martinez was denied his constitutional right to a speedy trial due to over five years of delay between remand and resentencing.

IV.  The Ohio court of appeals was wrong, unreasonable and at fault for refusing to rule on Martinez's properly raised claim that he was denied an impartial or unconflicted [*sic*] judge at resentencing, in violation of due process under the Fourteenth Amendment.

V.  Constitutional due process, the right to an impartial judge and fundamental fairness requires [*sic*] resentencing after a trial judge recuses himself and admits a conflict of interest under the Sixth and Fourteenth Amendments.

VI.  The trial court's fifteen year sentence is cruel and unusual and denies due process because it failed to consider mitigating sentencing factors in violation of the Eighth and Fourteenth Amendments.

*Id.* Martinez also alleges, with respect to ineffective assistance of appellate counsel, that Rump did not inform him of his right to appeal the direct appeal of his conviction to the Supreme Court of Ohio. *Id.* at 24-25.

Before issuing the R & R, Magistrate Judge Vecchiarelli granted Martinez's motion for an evidentiary hearing and appointed counsel John B. Gibbons "for the limited purpose of representing him at an evidentiary hearing.  Attorney Gibbons's duties under this appointment include[d], but [were] not limited to, obtaining evidence and subpoenaing witnesses regarding the issue of whether Rump informed Plaintiff regarding his ability to appeal to the Ohio Supreme Court, and presenting evidence and adducing testimony at the hearing."  (Doc. No. 18 at 2-3).  Rump testified at the evidentiary hearing and later submitted letters as proof that she had informed Martinez of the right to appeal.  (Doc. Nos. 29, 32, 33).  During the hearing, Gibbons represented Martinez and stipulated to the authenticity of the letters.  (Doc. No 32).  Gibbons also filed a post-hearing brief and was later dismissed as attorney of record because he had fulfilled his purpose.  (Doc. Nos. 36, 58).  But before being dismissed, Martinez expressed his skepticism regarding the validity of Rump's letters to Gibbons and the court in the form of *pro se* filings.  (Doc. Nos. 39, 41, 42, 44).

In the R & R, Magistrate Judge Vecchiarelli recommends all grounds for relief be dismissed for procedural and substantive reasons.  (Doc. No. 45).  Martinez objects with respect to all grounds for relief and asserts a claim of ineffective assistance of appointed counsel John Gibbons.  (Doc. No. 64).  Martinez also moves for another evidentiary hearing and appointment of counsel on the ineffective assistance of appellate counsel ground for relief.  (Doc. Nos. 63, 69).  Martinez does not

object to the factual and procedural background set forth by Magistrate Judge Vecchiarelli. I, too, find these sections of the R & R to be accurate and adopt them in full. (Doc. No. 45 at 1-16).

### III. STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow,* 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters,* 638 F.2d at 950, and *Arn,* 474 U.S. at 147). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue,* 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

### IV. DISCUSSION

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Instead, under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A federal court may

not consider "a mere error of state law, if one occurred, as a denial of due process," *Gryger v. Burke*, 334 U.S. 728, 731 (1948), "unless [it] rise[s] for some other reason to the level of a denial of rights protected by the United States Constitution." *Barclay v. Florida*, 463 U.S. 939, 957-58 (1983) (citing *Gryger*, 334 U.S. at 731); *see also Wainwright v. Goode*, 464 U.S. 78, 86 (1983).

Even if a ground of relief is cognizable for federal habeas review, the petitioner must exhaust his state court remedies before a district court can entertain a § 2254 claim on the merits. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010); *see also O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). In other words, if a petitioner fails to timely exhaust his state court remedies and is now barred from doing so under state law, the claim may not be considered on federal habeas review "unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Any ground for relief that has been properly exhausted and is cognizable for federal habeas review may be considered on the merits. Under AEDPA,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'[C]learly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A state court decision is "contrary to" federal law if the state court: (1) "applies a rule that contradicts the governing law set forth in our cases"; or (2) "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams*, 529 U.S. at 405-06. Meanwhile, a decision involving an "unreasonable application of" federal law occurs when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. To be considered an "unreasonable application," the state court decision must be "more than incorrect or erroneous" but "objectively unreasonable." *Wigginsv. Smith*, 539 U.S. 510, 520-21 (2003) (quoting *Williams*, 529 U.S. at 409).

A.     Grounds One and Two

In his first ground for relief, Martinez contends the Ohio Court of Appeals erred in failing to consider the merits of his Rule 26(B) Application to reopen the appeal, instead denying it on procedural grounds. Magistrate Judge Vecchiarelli properly concluded that Martinez is correct in this assertion. Relying on outdated law, the Ohio Court of Appeals denied the application by concluding it did not have jurisdiction over Martinez's Rule 26(B) Application while his appeal was pending in the Supreme Court of Ohio. But this holding was contrary to the state of the law in 2012 which "recognize[d] the appellate court's role in App.R. 26(B) matters, allowing the lower courts to consider App.R. 26(B) applications even after an appeal to [the Supreme Court of Ohio] is perfected." *State v. Davis*, 119 Ohio St.3d 422, 427 (2008). Even though the decision of the Ohio Court of Appeals was erroneous under Ohio law, it was not overruled by the Supreme Court of Ohio when presented for review. Since the state's error in applying its own law did not in itself

deprive Martinez of a federal constitutional right, the first ground for relief must be denied as not cognizable for federal habeas review.

But because Martinez properly exhausted his state court remedies but the state court erroneously failed to adjudicate the federal constitutional ineffective assistance of counsel claim of the second ground for relief on the merits, the issue must be reviewed *de novo* rather than under the AEDPA standard of review. *See Hill v. Mitchell*, 400 F.3d 308, 314 (6th Cir. 2005); *Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). Although the Sixth Amendment guarantees the right to the effective assistance of counsel, this is a guaranty of "reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). To succeed on a claim of ineffective assistance of counsel, Martinez must show: (1) counsel's performance was deficient; *and* (2) he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The standard is extremely deferential to defense counsel with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if counsel's performance is outside the range of reasonableness, the petitioner must also prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" so as to "undermine confidence in the outcome." *Id.* at 694.

Martinez supports his ineffective assistance of appellate counsel with claims that Rump failed to raise allied offenses or double jeopardy arguments on direct appeal and failed to notify him of the 45-day right to appeal to the Supreme Court of Ohio. But Martinez does not state the outcome – of the conviction or the sentencing proceedings – would have been different if these things had not occurred.

With respect to the alleged failure to notify him of the 45-day right to appeal, Martinez does not claim there is a *reasonable probability* that the Supreme Court of Ohio would have overturned the conviction on appeal. Further, Martinez does not assert a federal constitutional ground for relief in

this petition dependent on exhaustion of his state court remedies regarding the direct appeal of his conviction. Therefore, I do not find Martinez has established this purported deficiency in performance adversely affected the outcome so as to satisfy the prejudice element of a claim of ineffective assistance of counsel.

Martinez's second argument regarding allied offenses and double jeopardy also fails. First, double jeopardy does not apply in this case because he was only tried once. Second, with respect to allied offenses, Martinez cannot establish that the outcome would have been different if Rump had raised the issue on direct appeal. Under Ohio law, the possession of marijuana charges are allied offenses and Martinez should have been convicted of only one. *See* O.R.C. § 2941.25. But, in this case, the ultimate outcome would not have been different had she raised the issue. Since the sentences of the possession of marijuana charges were to run concurrently, there was no time added to the sentence by the additional conviction and therefore Martinez suffered no prejudice. Because Martinez failed to prove he suffered prejudice as a result of Rump's allegedly deficient performance, the second ground for relief of ineffective assistance of counsel is denied on the merits.

B.     Ground Three

Martinez asserts in his third ground for relief that the five-year delay in resentencing was a violation of his right to a speedy trial. The Sixth Circuit recognizes the Sixth Amendment right to a speedy trial extends to resentencing hearings. *United States v. Thomas*, 167 F.3d 299, 303 (6th Cir. 1999). Martinez raised this ground for relief on every level of state appellate review, satisfying the exhaustion requirement. When adjudicating this claim on the merits, the Ohio Court of Appeals found Martinez had not suffered prejudice because of the delay even though it was "a serious administrative lapse." (Doc. No. 10-1 at 389-90). In his objections, Martinez does not contend that the Ohio Court of Appeals ruling was "contrary to" federal law or that its application of the law was objectively unreasonable. Instead, he seeks to introduce a new theory of prejudice. Because my review is limited to whether the state court decision was "contrary to" or an "unreasonable

application" of federal law, and Martinez argues neither, and I find neither to be true, this ground for relief is denied.

C.      Grounds Four and Five

Martinez's fourth and fifth grounds for relief are nearly indistinguishable. Both relate to judicial bias and the state court's denial of Martinez's motion to be resentenced a second time by Judge Marcus after Judge Kelbey recused himself. In the fifth ground for relief, Martinez alleges his constitutional due process rights were violated because the sentencing judge was biased. He raised this issue on appeal to the Ohio Court of Appeals as a federal constitutional question. (Doc. No. 10-1 at 256). On review, the Ohio Court of Appeals did not address the merits of the question of judicial bias, but instead cited state law in holding, "The determination of whether a common pleas judge is biased is within the exclusive jurisdiction of the Supreme Court of Ohio." *Id.* at 391. On appeal to the Supreme Court of Ohio, Martinez not only raised the underlying federal constitutional question of judicial bias, but also asserted the Ohio Court of Appeals had erred in refusing the address the merits of the federal constitutional question of judicial bias in light of Judge Kelbey's recusal after resentencing Martinez. *Id.* at 397-99, 402-05. The latter issue is what Martinez now asserts as his fourth ground for habeas relief; the former, his fifth. The Supreme Court of Ohio declined jurisdiction over the appeal and the issue of judicial bias was never adjudicated on the merits. *Id.* at 441.

After reviewing the record, I respectfully disagree with Magistrate Judge Vecchiarelli's recommendation with respect to the fourth and fifth grounds for relief. Magistrate Judge Vecchiarelli concluded the fifth ground for relief had been adjudicated on the merits and, therefore, was properly exhausted. (Doc. No. 45 at 26). But she found the fourth ground for relief was barred by procedural default, stating Martinez had failed to properly exhaust his state appellate remedies by "fairly presenting" the claim as a federal constitutional question on every level of review. *Id.* at 23-25. While I agree that the fourth ground for relief was not presented as a federal constitutional

question during state appellate review, I find it should not be dismissed on grounds of procedural default alone. Instead, as an issue of state application of state law, the fourth ground for relief must be denied as a claim not cognizable for federal review. Additionally, I do not find the fifth ground for relief, asserting the federal constitutional right to a fair and impartial judge under the Fourteenth Amendment Due Process Clause, was ever adjudicated on the merits as a federal constitutional question, even though it was properly raised as one on every level of state appellate review. Therefore, like the second ground for relief discussed above, the issue of judicial bias must be reviewed *de novo*.

"All questions of judicial qualification may not involve constitutional validity....But it certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case." *Tumey v. State of Ohio*, 273 U.S. 510, 523 (1927); *see also Withrow v. Larkin*, 421 U.S. 35, 47 (1975) ("[V]arious situations have been identified in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable. Among these cases are those in which the adjudicator has a pecuniary interest in the outcome and in which he has been the target of personal abuse or criticism from the party before him."). To determine whether unconstitutional bias exists, "[t]he Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, 'the average judge in his position is "likely" to be neutral, or whether there is an unconstitutional "potential for bias.""" *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (quoting *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 881 (2009)).

It is not atypical for a judge to resentence a defendant after a successful appeal overturning the initial verdict or sentence. Here, Judge Kelbey had initially denied the oral motion to dismiss for lack of jurisdiction raised at the resentencing hearing, and then continued with the resentencing

since no formal motion had been filed. After Martinez filed a formal motion on the same jurisdictional issue previously denied, Judge Kelbey recused himself citing a possible conflict of interest in further proceedings on the case. Absent from Martinez's allegation is any factual support that would prove Judge Kelbey was biased, objectively. Because Martinez provides no evidence that Judge Kelbey secured any personal gain by sentencing him to the same fifteen years, I do not find the facts create a plausible claim of judicial bias and deny the fifth ground for relief.

D.     Ground Six

Martinez's final ground for relief questions the constitutionality of his fifteen-year sentence, raising the ground as an Eighth and Fourteenth Amendment issue. Departing from Magistrate Judge Vecchiarelli's recommendation, I find this ground for relief to be not cognizable for federal habeas review and, ultimately, meritless. *See* 28 U.S.C. § 2254(b)(2).

In support of his claim that his sentence is a violation of due process, Martinez states that the sentencing judge gave him the maximum sentence without considering statutorily defined mitigating factors under Ohio law. Since this is a question of state application of state law, it is not a cognizable issue for federal habeas review. Even so, I will also note that this ground for relief is meritless as it is well established that a sentencing judge may impose the statutory maximum sentence "*solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004) (emphasis in original) ("[T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."). Here, Martinez does not contend that Judge Kelbey imposed a sentence greater than the statutory maximum sentence, but that he should have been sentenced to less than the statutory maximum. Since there is no such federal constitutional right, the Fourteenth Amendment due process ground for relief related to sentencing must be denied. Further, a sentence within the statutory maximum sentence is not cruel and unusual punishment under the Eighth Amendment. Therefore, the final ground for relief is denied.

E.      Additional Ineffective Assistance of Counsel Claim Raised in Objection

In his objections, Martinez asserted an additional claim of ineffective assistance of counsel with respect to John Gibbons, who was appointed to assist Martinez at the evidentiary hearing before Magistrate Judge Vecchiarelli.  But "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).  Therefore, the ineffective assistance of counsel ground for relief against Gibbons, who assisted in the Federal post-conviction evidentiary hearing, is not a proper ground for federal habeas relief.

V.      CONCLUSION

For the foregoing reasons, Martinez's objections are overruled.  (Doc. No. 64).  I reject in part and adopt in part Magistrate Judge Vecchiarelli's R & R, concurring in her recommendation that Martinez's habeas petition be dismissed.  (Doc. No. 45).  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Martinez's remaining outstanding motions for an evidentiary hearing and for the appointment of counsel are denied as moot.  (Doc. Nos. 63, 69).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge